UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDON DEMARLO MONGHUR,

Plaintiff,

v.

NEVADA DIVISION OF PAROLE AND PROBATION,

Defendant.

Case No. 3:20-cv-00276-MMD-CLB

ORDER

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. On May 17, 2021, this Court issued an order directing Plaintiff Brandon Demarlo Monghur to file his updated address with the Court by June 18, 2021. (ECF No. 3.) The deadline has now expired, and Monghur has not filed his updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421

1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Monghur to file his updated address with the Court by June 18, 2021, expressly stated: "It is further ordered that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice." (ECF No. 3 at 2.) Thus, Monghur had adequate warning that dismissal would result from his noncompliance with the Court's order to file his updated address by June 18, 2021.

///

///

///

1 It is therefore ordered that this action is dismissed without prejudice based on
2 Monghur's failure to file an updated address in compliance with this Court's May 17, 2021,
3 order.

4 It is further ordered that the Clerk of Court will close the case and enter judgment
5 accordingly.

6 DATED THIS 22nd Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE